UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA AMADOR, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>CILS, LTD d/b/a CLUB INTERNAITONAL LIMOUSINE, and DENNIS PETTRUCCI, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.:<br><br>Jury Trial Demanded |

GINA AMADOR ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against CILS, LTD d/b/a CLUB INTERNATIONAL LIMOUSINE ("Club"), and DENNIS PETTRUCCI, individually, (collectively as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.   This is a civil action for damages and equitable relief based upon violations that the Defendants committed of Plaintiff's rights guaranteed by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. Lab. Law § 652(1), NYCCRR tit. 12, § 142-2.1; (v) the requirement that employers pay spread of hours premiums under N.Y. Lab. Law § 652, and

1

NYCCRR tit. 12 § 142 *et seq.*; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each pay day, N.Y. Lab. Law § 195(3); (vii) the NYLL's requirement that employer furnish employees with a wage notice at hire containing specific categories of accurate information, N.Y. Lab. Law § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a transportation company and its owner - - as a driver from May 2011 to March 2015. As described below, Defendants willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, for the entirety of her employment, the Defendants routinely required Plaintiff to work beyond forty hours in a workweek, but failed to compensate her at the statutorily-required overtime rate for any hours that she worked in excess of forty, or at the minimum wage rate for every hour worked.

3. Additionally, Defendants failed to provide Plaintiff with spread of hours pay on days when she worked in excess of ten hours and her rate of pay fell below the minimum wage, proper wage statements on each payday, or with an accurate wage notice at the time of hire, as the NYLL requires.

4. Defendants paid and treated all of their drivers in the same manner.

5. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA. Plaintiff brings claims under state law on behalf of herself, individually, and on behalf of all FLSA Plaintiffs who opt-into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

9. At all relevant times herein, Defendant Club was and is a New York company with its principal place of business located at 5 Fifth Avenue, Larchmont, New York 10538.

10. At all relevant times herein, Defendant Pettrucci is was and is the owner and President of Defendant Club. Defendant Pettrucci personally managed and oversaw the day-to-day operations of Defendant Club, and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Pettrucci had and exercised the power to hire and fire and approve all personnel decisions with respect to Defendant Club employees.

11. At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA and NYLL. Additionally, Defendant Club's qualifying annual business exceeded and exceeds $500,000, as Club is engaged in interstate commerce within the meaning of the FLSA, as it operates a business shuttling passengers between airports and across state lines, the combination of which subjects Defendants to the FLSA's overtime and minimum wage requirements as an enterprise. Furthermore, all of Club's employees, including Plaintiff and

FLSA Plaintiffs, are required to drive clients across state lines, engaging in travel throughout New York, New Jersey, Connecticut, and various other states, as part of their jobs working for Defendants. This independently subjects Defendants to the overtime and minimum wage requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and minimum wages, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former drivers, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation and/or minimum wages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid at an amount equal to the minimum hourly required rate of pay for each hour worked; and (6) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater,

for all hours worked each workweek above forty, and the minimum hourly required rate of pay for each hour worked, yet they purposefully and willfully chose and choose not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, or at the minimum wage rate for each hour worked, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant Club is New York-based transportation company, which shuttles passengers to and from Westchester Airport, Newark Liberty International Airport, LaGuardia Airport, and John F. Kennedy International Airport, and also provides transportation services between other non-airport destinations in various states, including New York, New Jersey, and Connecticut.

17. On May 30, 2011, Defendants hired Plaintiff as a driver, and employed her in this position until March 13, 2015.

18. As its name reflects, Plaintiff's primary duties consisted of driving Defendants' clients in a town car, from and to various destinations throughout New York, Connecticut, and New Jersey, and occasionally other locations. Primarily, Plaintiff drove Defendants' clients between airport and non-airport locations, on fixed routes that Defendants assigned.

19. Throughout her employment, Defendants required Plaintiff to work six to seven days a week, starting her workday sometimes as early as 3:00 a.m. and working sometimes until as late as 1:00 a.m. the following day, without permitting Plaintiff to take scheduled or uninterrupted breaks. By approximation, throughout her employment, Defendants required

Plaintiff to work, and Plaintiff did routinely work, approximately eighty hours per week, and oftentimes more.

20. By way of example only, during the week of September 23, 2013 through September 29, 2013, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

>Monday, September 23, 2013: 12:00 p.m. until 11:45 p.m.

>Tuesday, September 24, 2013: 4:45 a.m. until 9:45 p.m.

>Wednesday, September 25, 2013: 5:30 a.m. until 9:30 p.m.

>Thursday, September 26, 2013: 7:00 a.m. until 10:24 p.m.

>Friday, September 27, 2013: 9:30 a.m. until 5:40 p.m.

>Saturday, September 28, 2013: Off

>Sunday, September 29, 2013: 5:15 a.m. until 6:25 p.m.

Thus, adding up the hours for this representative workweek, Plaintiff worked eighty-one hours and twenty-nine minutes.

21. By a second way of example only, during the week of March 10, 2014 through March 16, 2014, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

>Monday, March 10, 2014: 7:00 a.m. until 10:40 p.m.

>Tuesday, March 11, 2014: 8:52 a.m. until 11:15 p.m.

>Wednesday, March 12, 2014: 11:00 a.m. until 8:00 p.m.

>Thursday, March 13, 2014: 4:00 a.m. until 10:24 p.m.

>Friday, March 14, 2014: 7:15 a.m. until 6:38 p.m.

>Saturday, March 15, 2014: Off

Sunday, March 16, 2014: 5:00 a.m. until 6:15 p.m.

Thus, adding up the hours for this representative workweek, Plaintiff worked eighty hours and five minutes.

22. For each workweek that Plaintiff worked, Defendants failed to pay Plaintiff a wage that had any relation to her hours whatsoever, and instead paid Plaintiff a percentage of her passengers' fares, which they called "salary," "commissions," which were bonuses for bringing in new customers, and tips.

23. By way of example only, for the weekly pay period of September 23, 2013 through September 29, 2013, Plaintiff worked a total of eighty-one hours and twenty-nine minutes. In exchange, Defendants paid Plaintiff $852.25 in salary, and $281.00 in gratuity for this pay period.

24. As an additional example, for the weekly pay period of March 10, 2014 through March 16, 2014, Plaintiff worked a total of eighty hours and five minutes. In exchange, Defendants paid Plaintiff $948.50 in salary, $300.00 for "commission," and $126.00 in gratuity for this pay period.

25. For the entirety of Plaintiff's employment, Defendants failed to pay Plaintiff for any hours that Plaintiff worked over forty at the applicable rate of time and one-half her straight-time rate, or time and one-half the minimum wage rate, if greater.

26. Defendants also failed to pay Plaintiff the statutorily-required minimum wage in certain weeks. For example, during the weekly pay period of October 29, 2012 through November 4, 2012, Plaintiff worked thirty-five hours and thirty minutes, and Defendants paid Plaintiff $256.75, which yields a regular rate of $7.23 per hour, less than the minimum wage.

7

27.     Furthermore, during the weeks that Plaintiff's regular wage rate fell below the applicable minimum wage rate, the Defendants failed to compensate Plaintiff with an extra hour of pay at the minimum wage rate for each day in which Plaintiff's spread of hours worked exceeded ten hours.  For example, during the weekly pay period of October 29, 2012 through November 4, 2012, Plaintiff worked more than ten hours on November 1, 2012, and November 2, 2012, yet Defendants failed to pay Plaintiff for an extra hour of work at the minimum wage rate for these days.

28.     Defendants paid Plaintiff on a weekly basis.

29.     On each occasion when they paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week, or her straight and overtime rates of pay for all hours worked.

30.     Additionally, Defendants intentionally did not provide Plaintiff with a wage notice at the time of her hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

31.     Defendants treated Plaintiff and all FLSA Plaintiffs in the manner described above.

32.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

33.     Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

34.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. 29 U.S.C. § 206(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or one and one-half time the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

36. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

37. Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

38. Defendants willfully violated the FLSA.

39. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half time the minimum wage rate, if greater.

40. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations of the FLSA*

41. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

43. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

44. As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for every hour worked.

45. Defendants willfully violated the FLSA.

46. At the least, Plaintiff and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour that they worked for Defendants pursuant to the FLSA's minimum wage provisions.

47. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

48. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for any hours worked exceeding forty in a workweek.

50. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

51. As also described above, Plaintiff, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

52. Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half

times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

53. Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations of the NYLL and the NYCCRR*

54. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 *et seq.* prescribe a minimum wage that employers must pay to their employees for each hour worked.

56. As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and NYCCRR.

57. As also described above, Defendants did not compensate Plaintiff, and any FLSA Plaintiff that opts in to this action, at the minimum hourly rate required by the NYLL and NYCCRR for every hour worked.

58. At the least, Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to payment at the minimum wage for every hour that they worked for Defendants pursuant to the NYLL's and NYCCRR's minimum wage provisions.

59. Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

60. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. NYLL § 652 and 12 NYCCRR § 142-2.5 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

62. As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and NYCCRR.

63. As also described above, Defendants failed to provide, Plaintiff and any FLSA Plaintiff that opts in to this action, with one hour's pay at the minimum wage rate on days when their spread of hours exceeded ten.

64. Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to this extra hour of pay, at the minimum wage rate, for all days in which they worked in excess of ten hours and earned less than the minimum wage for each hour worked.

65. Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay them the required spread of hours pay.

**SIXTH CLAIM OF RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

66. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

68. As described above, the Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

69. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

70. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

71. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

73. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

74. As described above, the Defendants failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

75. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

76. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

77. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    March 7, 2016

               Respectfully submitted,

               BORRELLI & ASSOCIATES, P.L.L.C.
               *Attorneys for Plaintiff*
               655 Third Avenue, Suite 1821
               New York, New York 10017
               (212) 679-5000

By: _____
    JEFFREY R. MAGUIRE (JM 1982)
    ALEXANDER T. COLEMAN (AC 1717)
    MICHAEL J. BORRELLI (MB 8533)